13259

HAYS v. HOFFMAN

(160 S. E., 852)

*Mr. J. Wesley Crum,* for appellant,

*Mr. E. H. Henderson,* for respondents, 

October 16, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action in equity, to enjoin the defendant from obstructing the flow of water through a ditch which, as is alleged in the complaint, is "about 30 inches in width, which begins on the plaintiff's lands, runs under and across the right-of-way of Southern Railway Company, and thence in a northerly direction across a tract of land of the defendant and others, *to an outlet beyond the lands of the defendant.*"

The plaintiff claims that the waters from his tract of land are carried off by the ditch, which has been so used by the plaintiff and his predecessors in title, continuously, openly, uninterruptedly, and under a claim of right adverse to the defendant and all other persons, for a period of more than fifty years; that this method of disposing of the water from his land is essentially necessary to its use and enjoyment; he thus claims the right by prescription to the easement of diverting the water from his tract in concentrated form upon the land of the defendant; he alleges that the defendant, at a place where the ditch crosses his land, has obstructed the free passage of the water through the ditch and causing backwater to be thrown upon his land, to his great damage.

The defendant denies the prescriptive right claimed by the plaintiff and alleges: "Defendant admits that part of the fifth paragraph of the complaint wherein it is alleged that he obstructed a ditch upon his own premises in the

spring of 1930, and alleges that the same was done under the following circumstances, viz.: in the spring of 1928 the plaintiff ·applied to the defendant for permission to dig a ditch through defendant's premises, and defendant agreed for plaintiff to do so, provided that plaintiff would ·dig the said ditch through the premises of the ·defendant to the line of the J. E. Mills property, so that no water would be thrown upon the defendant's property by the plaintiff. That the plaintiff· proceeded to dig or cut the said ditch and after cutting it about midway through defendant's premises through hill land, that plaintiff in violation of his agreement failed and refused to continue the said ditch through the lowland of defendant, and still refuses to do so, so that great quantities of water are thrown upon lowlands of the defendant that have never been released thereon before, rendering same uncultivatable to the great damage of this defendant. That defendant tried in every way possible to get the plaintiff to continue the said ditch as he had agreed to do so, and upon being refused every redress by the plaintiff, defendant obstructed said ditch as admitted hereinbefore, but not to such an extent as it was prior to being ditched out by the plaintiff."

The defendant also interposes a counterclaim of $2,500 damages actual and punitive, based upon a practical reproduction of the above-quoted portion of his answer.

The case was called for trial before his Honor, Judge Sease, and a jury at the November term, 1930, at which time, by consent of both parties, his Honor passed an order submitting certain issues to the jury.

Following are the questions submitted, with the verdict of the jury thereon:

1. Is the plaintiff, E. C. Hays, the owner by prescription of an easement or right of way in the ditch described in the complaint for the purpose of carrying off waters from plaintiff's land? Yes.

2. Did the contract, as alleged in the answer, exist between the plaintiff and the defendant? Yes.

3. If there was such a contract, has it been breached by the plaintiff? Yes.

4. If there was such a contract, and if it was breached by the plaintiff, has the defendant been damaged, and, if so, how much? Fifty dollars.

5. Did the defendant obstruct the ditch to a greater extent than it was obstructed previous to the making of the said contract, if same was made? Yes.

Thereafter the matter came on for a hearing before his Honor on motion of the plaintiff for a decree carrying into effect the verdict of the jury, and granting the injunction prayed for in the complaint.

His Honor passed an order or decree, not dated in the record, approving and adopting the verdict of the jury and ordering judgment in favor of the defendant upon the verdict in his favor for $50, and granting the injunction prayed for by the plaintiff.

From this decree of injunction the defendant has appealed, the plaintiff not having given notice of appeal from the judgment for $50 against him in favor of the defendant.

The verdict of the jury is hopelessly contradictory; it declares that the plaintiff has established a prescriptive right to maintain the ditch and divert the water from his land in concentrated form upon the defendant's land, a right which is denied to the upper proprietor under the laws of this State, except it be a right prescriptively acquired; at the same time, in the same breath, it declares that the contract set up in the defendant's answer that the plaintiff should have the right to maintain the ditch upon his land (defendant's), upon the extension of the ditch clear through to Mills' line; inconsistent findings, both approved in the decree of the Circuit Judge. From the former declaration the defendant has appealed; from the latter the plaintiff has not. The verdict declares not only that the contract has been

established, but that it has been breached by the plaintiff to the damage of the defendant $50.

It appears therefore not only that the verdict of the jury, approved by the Circuit Judge, establishing the contract set up in the defendant's answer, negatives the claim of a prescriptive right in the plaintiff to the maintenance of the ditch upon the defendant's land, but that, regardless of the incidents tending to establish such prescriptive right, the plaintiff must be held to have waived the right to depend upon it by the contract between him and the defendant established by the verdict and decree unappealed from.

The judgment of this Court is that the decree be reversed so far as it enjoins the defendant from obstructing the ditch and orders a removal of the obstructions placed therein by the defendant; and that in other respects it be affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.